## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

**PAUL BERGQUIST,**

       Plaintiff,

**v.**                               **CASE NO. 3:04-cv-1240-J-99MCR**

**FIDELITY INFORMATION SERVICES,**
**INC., a foreign corporation,**

       Defendant**.**

_____/

### O R D E R

Before the Court is Defendant's Motion for Rule 11 Sanctions (Dkt. 16) with attached exhibits and a deposition transcript of the Plaintiff in support (Dkt. 17), to which Plaintiff filed a Response (Dkt. 21). Defendant subsequently filed a Motion for Summary Judgment (Dkt. 18) and Plaintiff filed a Response in Opposition with an attached exhibit (Dkt. 22). Plaintiff also filed a Motion for Summary Judgment with an affidavit in support (Dkt. 19) and Defendant filed a Response in Opposition attaching multiple exhibits (Dkt. 20). Plaintiff filed an Unopposed Request for Oral Argument (Dkt. 23) and Defendant filed a Request for Oral Argument or in the Alternative for Leave to File a Reply to or Strike Plaintiff's Response to Defendant's Motion for Summary Judgment (Dkt. 24), to which Plaintiff filed a Response in Opposition (Dkt. 26).

## I.    Factual Background

In August 1995, Plaintiff was employed as a "Computer Programmer" by Defendant's predecessor, Alltel Information Services, Inc. ("Alltel Information") (Dkt. 7, ¶ 5). In  2003, Defendant purchased Altell Information and Plaintiff continued his employ with Defendant until his

termination in October 2004 (Dkt. 18 at 2). On or about January 10, 2005 Plaintiff filed his one count Amended Complaint (Dkt. 7) alleging that Defendant failed to pay Plaintiff overtime compensation in violation of the Fair Labor Standards Act ("FLSA").

Plaintiff's Amended Complaint (Dkt. 7) specifically alleges that for at least three years prior to October 2004, Plaintiff was employed in a computer programmer position "that under certain circumstances may be subject to  exemption under the provisions" of the FLSA (Dkt. 7, ¶ 7). Plaintiff contends, however, that Defendant failed to comply with the exemption provisions of 29 U.S.C. § 213(a)(17) by employing Plaintiff in a position that was not exempt from overtime compensation under the FLSA. Id. Plaintiff further alleges that Defendant violated Section 7 of the FLSA in failing to provide overtime compensation for hours worked by Plaintiff in excess of forty hours per workweek. Consequently, Plaintiff seeks to recover unpaid overtime compensation allegedly owed by the Defendant.[1]

Plaintiff now moves for summary judgment arguing that Plaintiff has established a prima facie  case under the FLSA that he is entitled to unpaid overtime compensation. Defendant also moves for summary judgment contending Plaintiff's employment duties and salary meet the requirements of an exempt computer professional. Defendant additionally moves for sanctions pursuant to Rule 11, Federal Rules of Civil Procedure (Dkt. 16). The Court will address the Motions for Summary Judgment (Dkts. 18-19) prior to analyzing the Motion for Rule 11 Sanctions (Dkt. 16).

## II.    Standard of Review for Summary Judgment

The Court should grant a motion for summary judgment only if "the pleadings, depositions,

---

[1] Plaintiff's Motion for Summary Judgment (Dkt. 19) states that Plaintiff is only seeking payment for overtime compensation for the period of November 26, 2002 through October 1, 2004 and that Plaintiff is not seeking liquidated damages (Dkt. 19 at 8-9).

answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact [such] that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986); <u>Everett v. Napper</u>, 833 F.2d 1507, 1510 (11th Cir. 1987); <u>Edwards v. Acadia Realty Trust, Inc.</u>, 141 F. Supp. 2d 1340, 1344-45 (M.D. Fla. 2001).  The Court will construe the record and all inferences that can be drawn from it in the light most favorable to the nonmoving party, and the moving party bears the initial burden of establishing the absence of a genuine material fact.  <u>See</u> <u>United States v. Diebold, Inc.</u>, 369 U.S. 654, 655 (1962); <u>Samples on Behalf of Samples v. City of Atlanta</u>, 846 F.2d 1328, 1330 (11th Cir. 1988).  Once this burden is met, however, the opposing party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'"  <u>Celotex Corp.</u>, 477 U.S. at 342.  The Eleventh Circuit explained in <u>Samples</u> that the opposing party need only present evidence from which a jury might return a verdict in its favor in order to survive the moving party's motion for summary judgment.  <u>See</u> <u>Samples</u>, 846 F.2d at 1330; <u>see</u> <u>also</u> <u>Augusta Iron & Steel Works v. Employers Insurance of Wausau</u>, 835 F.2d 855, 856 (11th Cir. 1988).

Notably, the Supreme Court pointed out in <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986), that the moving party's burden only extends to facts that might affect the outcome of the lawsuit under the governing law, as "[f]actual disputes that are irrelevant or unnecessary will not be counted."  Summary judgment will only be granted if all facts and inferences point overwhelmingly in favor of the moving party, such that a responsible jury could not find in favor of the opposing party.  <u>See</u> <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133 (2000).  If there is conflicting evidence that will permit differing reasonable inferences, the case will be

submitted to the jury.  See Augusta Iron & Steel, 835 F.2d at 856.

## III.    Affirmative Defense

While the FLSA generally requires employees receive overtime compensation for time worked beyond forty hours per week, certain employees are exempt from this requirement. See 29 U.S.C. § 207(a); 29 U.S.C. § 213. Plaintiff asserts, however, that Defendant has not alleged as an affirmative defense any valid exemption under 29 U.S.C. § 213 and that any such exemption has therefore been waived. See Vela v. City of Houston, 276 F.3d 659, 666 (5th Cir. 2001)(noting that "[e]mployees are entitled to overtime compensation according to the general rule unless their employer proves that one of the many exemptions applies."); Brennan v. Valley Towing Co., 515 F.2d 100, 104 (9th Cir. 1975). See also FED. R. CIV. PROC. RULE 8(C).

Plaintiff contends that "exemptions from the FLSA [are construed] narrowly. . .and the employer has the burden to prove that the employee is exempt from the FLSA general rule. . . ." Vela, 276 F.3d at 666-67 (internal citations omitted).  Moreover, that "the assertion of an exemption from the mandates of the FLSA is an affirmative defense that is waived if it is not specifically pleaded by a defendant."   Rotondo v. City of Georgetown, 869 F. Supp. 369, 373 (D. S.C. 1994)(citing Renfro v. City of Emporia, Kan., 741 F. Supp. 887, 888 (D. Kan. 1990)), aff'd, 948 F.2d 1529, 1539 (10th Cir. 1991). Plaintiff argues because the Defendant did raise four affirmative defenses in its Answer (Dkt. 11), none of which involved an exemption under 29 U.S.C. § 213, any exemption under 29 U.S.C. § 213 is irrelevant to the Court's summary judgment determination.

Plaintiff alternatively alleges that if Defendant attempted to amend its Answer (Dkt. 11) to raise an exemption at this juncture, such an effort would be precluded by Sosa v. Airport Systems, Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). Plaintiff contends that Sosa establishes that if a motion

to amend is filed after the deadline in the court's scheduling order, the motion cannot be granted unless the good cause standard set forth in Rule 16(b), Federal Rules of Civil Procedure, is met. Id. at n.2 ("As we explain below, when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused."). Plaintiff argues the liberal amendment standard set out in Rule 15(a), Federal Rules of Civil Procedure, is inapplicable here as the Court must first address the good cause standard in Rule 16(b), Federal Rules of Civil Procedure. Furthermore, Plaintiff asserts that Defendant "could not possibly meet the standard imposed by Rule 16(b)" and that although the more liberal standard of excusable neglect in Rule 6(b) is also inapplicable, "it is doubtful that defendant could even meet" that standard (Dkt. 22 at 10). Based on the foregoing, Plaintiff argues the exemptions in 29 U.S.C. § 213 have been waived and are not before the Court.

Conversely, Defendant argues it did raise the FLSA exemption defense in its Answer (Dkt. 11) to Plaintiff's Amended Complaint (Dkt. 7). Defendant alleges that Plaintiff's Amended Complaint (Dkt. 7) goes beyond the requirements necessary for pleading a prima facie case in that it raises the issue of whether Plaintiff was an exempt computer programmer. Indeed, Defendant references Paragraph 7 of the Amended Complaint which states:

> For at least a three year period prior to October 2004, Plaintiff has been employed by Defendant in a computer programmer position that under certain circumstances may be subject to exemption under the provisions of the Act. However, Defendant failed to comply with the provisions of 29 U.S.C. § 213(a)(17) thereby employing Plaintiff in an [sic] position that was not exempt from overtime compensation under the Act.

(Dkt. 7, ¶ 7). Defendant contends the language of this pleading placed the exemption at issue. Defendant also contends that in responding to paragraph 7 in its Answer (Dkt. 11), Defendant agreed that Plaintiff was a computer programmer and denied that it failed to comply with the computer programmer exemption. By this denial, Defendant argues it "asserted that Plaintiff was an exempt

computer programmer and that it complied with the provisions of the exemption. The Answer clearly placed the matter at issue and placed Plaintiff on notice that Fidelity [Defendant] asserted the exemption as a defense to any alleged overtime liability." (Dkt. 20 at 4).

Defendant further argues its fourth affirmative defense in its Answer (Dkt. 11) provides that "Defendant had reasonable grounds for believing that it paid wages to Plaintiff in accordance with the [FLSA]." (Dkt. 11 at 2). Defendant asserts that when this defense is read in conjunction with Paragraph 7 of the Amended Complaint (Dkt. 7) and Defendant's subsequent Answer (Dkt. 11, ¶ 7), it "clearly indicates that Fidelity has paid Plaintiff 'in accordance with the [FLSA]' by complying with the computer programmer exemption."(Dkt. 20 at 5). Alternatively, Defendant argues even if the exemption defense was not specifically asserted, the Court should allow it to be raised in its motion for summary judgment (Dkt. 20 at 7)(citing Schwind v. EW & Assoc., Inc., 357 F. Supp. 2d 691, 697 (S.D. N.Y. 2005)). Defendant contends Plaintiff will not be prejudiced as he has had notice of this defense and the opportunity to rebut it. Id. at 5-6. Defendant therefore argues it should be allowed to assert its affirmative defense in a motion for summary judgment.

After considering the parties' arguments, the Court agrees with the Defendant and finds the exemption defenses are before the Court and have not been waived. The Court initially notes that Rule 8(c), Federal Rules of Civil Procedure, provides that "[i]n pleading to a preceding pleading, a party shall set forth affirmatively. . .waiver, and any other matter constituting an avoidance or affirmative defense." If a party fails to raise an affirmative defense in the pleadings, the party generally waives its right to raise the issue at trial. Hassan v. U.S. Postal Service, 842 F.2d 260, 263 (11th Cir. 1988). The purpose of requiring that an affirmative defense be pled in the answer, however, is to provide notice to the opposing party "'of the existence of certain issues.'" Schwind,

6

357 F. Supp. 2d at 697(quoting Doubleday & Co., Inc. v. Curtis, 763 F.2d 495, 503 (2d Cir. 1985)).

Indeed, the Eleventh Circuit stated that the "Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it."Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989)(citing Blonder-Tongue Laboratories, Inc. v. University of Illinois Found., 402 U.S. 313, 350 (1971)). Furthermore, "if a plaintiff receives notice of an affirmative defense by some means other than pleadings, 'the defendant's failure to comply with Rule 8(c) does not cause the plaintiff any prejudice.'" Id. (quoting Hassan v. U.S. Postal Service, 842 F.2d 260, 263 (11th Cir. 1988)). In instances where the plaintiff is not prejudiced, "the trial court does not err by hearing evidence on the issue." Id. See Mitchell v. Jefferson County Bd. of Educ., 936 F.2d 539, 544 (11th Cir. 1991)("Liberal pleading rules require a court to determine whether a plaintiff has notice that a defendant is relying on an unpled affirmative defense and whether the plaintiff can legitimately claim surprise and prejudice from a failure to plead the defense affirmatively.")(internal citations omitted).

The Court finds, in the case at bar, that Defendant has not sought leave to amend its answer. The Court also finds Defendant's contention that the exemption defenses were raised by reading paragraph 7 of the Amended Complaint (Dkt. 7) in conjunction with Defendant's Answer (Dkt. 11) to be tenuous. Nevertheless, while tenuous, a review of the record easily demonstrates this case revolves around whether Plaintiff is an exempt computer programmer. This is evident in the Motion for More Definite Statement (Dkt. 5), the Amended Complaint (Dkt. 7), the Answer (Dkt. 11), Defendant's August 15, 2005 Rule 11 letter and subsequent Rule 11 Motion (Dkt. 16), Plaintiff's Deposition (Dkt. 17) as well as being a focal point of the parties' discovery. Plaintiff's deposition explores his occupational duties, the performance of his duties and even touches upon Plaintiff's

understanding of the status of an exempt employee (Dkt. 17, attached deposition at 25-26, 79-117).

Moreover, Plaintiff's First Set of Interrogatories asked "[d]oes Defendant contend that Plaintiff was

not entitled to be paid overtime compensation for any hours worked in excess of 40 hours during a

work week[,]" to which Defendant answered that "Plaintiff was not entitled to be paid overtime

compensation for any hours worked in excess of 40 hours per week because his job title, duties and

compensation exempt the Plaintiff from the overtime requirements of the [FLSA] and regulations

promulgated thereunder."(Dkt. 20, Exhibit A at 10, Exhibit B at 4). Also noteworthy is that

Defendant provided Plaintiff with notice of the computer programmer exemption, and the

opportunity to rebut it, in its Rule 11 letter dated August 15, 2005. Defendant, in complying with

Rule 11(c)(1)(A), Federal Rules of Civil Procedure, served the Rule 11 letter with an attached copy

of its yet to be filed Motion for Rule 11 Sanctions (Dkt. 16) on Plaintiff. This occurred a month prior

to the filing of Defendant's summary judgment motion. See (Dkt. 16, Exhibit 1). The Rule 11 letter

clearly and explicitly sets forth Defendant's intention to utilize the exemption defenses in noting that

Plaintiff "met the requirements of 29 U.S.C. § 213(a)(1) and/or (a)(17) and that he was not entitled

to overtime compensation under the Act." (Dkt. 16, Exhibit 1 at 1). The Rule 11 letter also provides

that "[b]ased on the foregoing, you are and have been on notice that Mr. Bergquist [Plaintff] was an

exempt computer professional for the duration of his employment at Fidelity [Defendant]." Id. at

6. The attached Motion for Rule 11 Sanctions (Dkt. 16)  provides an even more thorough

examination of these exemptions.

Based upon the foregoing, the Court finds the exemption defenses in 29 U.S.C. § 213(a)(1)

and 29 U.S.C. § 213(a)(17) to be properly asserted and before the Court. Alternatively, it is clear that

Plaintiff has had notice of the exemption defenses, has had the opportunity to respond to them and

has thus not been prejudiced. See Hassan, 842 F.2d at 263 (stating that "[w]e must avoid the hypertechnicality in pleading requirements and focus, instead, on enforcing the actual purpose of rule [8(c)].").

**IV.    Discussion**

**A.    Plaintiff's Arguments**

Plaintiff argues he established a prima facie case under the FLSA for unpaid overtime compensation by demonstrating that he was an employee of Defendant, he worked in excess of forty hours in a workweek over a three year period and that Defendant never paid him an overtime wage (Dkt. 19 at 5)(citing Gerard v. Northern Transp., LLC, 146 F. Supp. 2d 63, 65 (D. Me. 2001); (Reed v. Johnson, 1995 U.S. Dist. LEXIS 17221, at *2 (E.D. La. 1995)). Plaintiff asserts because there are no material facts in dispute related to Plaintiff's proof of a prima facie case, the only remaining issue involves damages and that summary judgment is therefore appropriate.

Additionally, while Plaintiff asserts the exemptions under 29 U.S.C. § 213 are inapplicable and not before the Court, Plaintiff also contends he is unable to discern if Defendant is asserting the exemption provided in 29 U.S.C. § 213(a)(1) or 29 U.S.C. § 213(a)(17). Regardless of this fact, Plaintiff argues that an employee who meets the definition of a computer programmer under 29 U.S.C. § 213(a)(17) must still be compensated at a rate of not less than $27.63 an hour. Plaintiff alleges there is evidence in his personnel file that indicates Plaintiff was not a salaried employee, but that he was paid on an hourly basis (Dkt. 22 at 13). Plaintiff contends his hourly compensation was between $25.00 an hour and $27.09 an hour during the applicable time periods, and that his hourly rate was therefore below the $27.63 minimum mandated by 29 U.S.C. § 213(a)(17)(D).

Plaintiff also contends that the Defendant failed to address the discrepancy of Plaintiff's

hourly rate being below the FLSA minimum and that Defendant instead focused on a Department of Labor ("DOL") regulation establishing an exemption for an employee under 29 U.S.C. § 213(a)(1) if the employee receives a certain minimum salary. Plaintiff argues the DOL regulation, 29 C.F.R. § 541.3(4)(e) (2003), provides an exemption from overtime pay for computer professionals if they are paid a salary of $250.00 per week. Plaintiff contends that Defendant's position of whether Plaintiff is an exempt employee is entirely based upon the validity of 29 C.F.R. § 541.3(4)(e) (2003) (Dkt. 22 at 14). Plaintiff asserts, however, that this regulation "is not based on a permissible construction of the statute and that it is therefore arbitrary, capricious, or manifestly contrary to the statute" within the meaning of <u>Chevron USA, Inc. v. Natural Resources Defense Counsel, Inc</u>., 467 U.S. 837 (1984). <u>Id.</u> Plaintiff argues the Court can either find the regulation is invalid as applied to the Plaintiff or that congressional intent would be "to establish a minimum salary for a computer professional at a rate equivalent to the minimum hourly rate set forth in 29 U.S.C. § 213(a)(17). . . ." <u>Id.</u> at 17.

**B.       Defendant's Arguments**

Defendant asserts 29 U.S.C. § 213(a)(17) provides an employee is not entitled to overtime compensation if the employee is a computer programmer whose primary duties fulfill certain criteria. Defendant argues that Plaintiff is aware of the applicability of the computer employee exemption and that Plaintiff's "sole basis for his overtime claim is Fidelity's [Defendant] alleged failure to pay Plaintiff the minimum salary required for an exempt computer professional under the DOL regulations." (Dkt. 18 at 6). Defendant contends because there is no genuine issue of material fact regarding Plaintiff's job duties and salary meeting the requirements of an exempt computer professional, summary judgment is appropriate (Dkt. 18 at 7).

In addition to 29 U.S.C. § 213(a)(17), Defendant notes that the DOL has promulgated regulations that expound on what constitutes a computer professional who is exempt from receiving overtime compensation. Defendant further notes that two different sets of DOL regulations are applicable to Plaintiff's employment from October 2001 through October 2004. See 29 C.F.R. § 541.3 (2003); 29 C.F.R. § 541.303 (2003); 29 C.F.R. § 541.400 (2004). Defendant argues because the new DOL regulations became effective August 23, 2004, and Plaintiff was terminated in October 2004, the older version of the DOL regulations apply to the majority of time in question. Defendant alleges that if an employee fulfilled the regulatory job duty requirements under the older regulations, the same employee also meets the requirements under the regulations effective August 23, 2004. Defendant argues because Plaintiff's duties and salary qualify under both regulations, summary judgment is appropriate.

## V.      Analysis

After carefully considering the briefs of the parties, their arguments and the documentation on the record, the Court agrees with the Defendant and finds the Plaintiff was exempt from receiving overtime compensation and that summary judgment for Defendant is therefore appropriate. Before examining Plaintiff's primary work duties and form of payment, the Court will set forth the applicable statutory exemptions and DOL regulations.

The Court recognizes that 29 U.S.C. § 213(a)(1) exempts from the requirement of overtime compensation "any employee employed in a bona fide executive, administrative, or professional capacity. . . ." The Court also recognizes that pursuant to 29 U.S.C. § 213(a)(17), an employee is not entitled to overtime compensation if the employee:

> is a computer systems analyst, computer programmer, software engineer, or other similarly skilled worker, whose primary duty is –

11

(A) the application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;
(B) the design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;
(C) the design, documentation, testing, creation, or modification of computer programs related to machine operating systems; or
(D) a combination of duties described in subparagraphs (A), (B), and (C) the performance of which requires the same level of skills, and who, in the case of an employee who is compensated on an hourly basis, is compensated at a rate of not less than $27.63 an hour.

If a computer employee is paid on an hourly basis, 29 U.S.C. § 213(a)(17) provides the minimum hourly rate of $27.63 the employee must receive to be exempt. The Court notes, however, that neither 29 U.S.C. § 213(a)(1) nor § 213(a)(17) address the minimum compensation for computer employees who are paid on a salary basis. As a result, the DOL promulgated regulations outlining the minimum compensation required for salaried computer employees to be exempt. See 29 C.F.R. § 541.3(4)(e) (2003); 29 C.F.R. § 541.118(a) (2003); 29 C.F.R. § 541.400 (2004). The Court will first examine the pre-August 23, 2004 regulations.

## A.    Pre-August 23, 2004 Regulations

The DOL promulgated regulations that combine the exemption for professional employees in 29 U.S.C. § 213(a)(1) with the exemption for computer employees in 29 U.S.C. § 213(a)(17). See 29 C.F.R. § 541.3 (2003); 29 C.F.R. § 541.303 (2003). Indeed, 29 C.F.R. § 541.3 (2003) provides:

The term employee *employed in a bona fide * * * professional capacity* in section 13(a)(1) of the Act shall mean any employee:
(a) Whose primary duty consists of the performance of: . . .
(4) Work that requires theoretical and practical application of highly specialized knowledge in computer systems analysis, programming, and software engineering, and who is employed and engaged in these activities as a computer system analyst, computer programmer, software engineer, or other similarly skilled worker in the computer software field, as provided in § 541.303; and
(b) Whose work requires the consistent exercise of discretion and judgment in its      performance.
. . .

The DOL recognized it had to address the issue of minimum compensation for salaried employees.

12

Accordingly, 29 C.F.R. § 541.3(e) (2003) sets forth that an employee paid on a salary or fee basis must be compensated "at a rate of not less than $250 per week. . . ." As for defining what constitutes an employee being paid on a salary basis, 29 C.F.R. § 541.118(a) (2003) provides "if under his employment agreement he regularly  receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting  all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." As an additional requirement for a computer employee to be exempt, 29 C.F.R. § 541.303 (2003) establishes the following:

> (a) Pursuant to Public Law 101-583. . .§ 541.3(a)(4) provides that computer systems analysts, computer programmers, software engineers, or other similarly skilled workers in the computer software field are eligible for exemption as professionals under section 13(a)(1) of the Act. . .
> (b) To be considered for exemption under § 541.3(a)(4), an employee's primary duty must consist of one or more of the following:
> (1) The application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software, or system functional specifications;
> (2) The design, development, documentation, analysis, creation, testing, or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;
> (3) The design, documentation, testing, creation or modification of computer programs related to machine operating systems; or
> (4) a combination of the aforementioned duties, the performance of which requires the same level of skills.

In outlining the primary duty requirement, 29 C.F.R. § 541.303 (2003) closely traces the language used in 29 U.S.C. § 213(a)(17).

**B.      Post-August 23, 2004 Regulations**

In the DOL's regulations effective August 23, 2004, the DOL clarified the regulatory provisions applicable to computer employees by placing them all in 29 C.F.R. § 541.400 (2004). Specifically, 29 C.F.R. § 541.400 (2004) provides:

> General rule for computer employees.
> (a) Computer systems analysts, computer programmers, software engineers or other similarly skilled workers in the computer field are eligible for exemption as professionals under section 13(a)(1) of

the Act and under section 13(a)(17) of the Act. . .

(b) The section 13(a)(1) exemption applies to any computer employee compensated on a salary or fee basis at a rate of not less than $455 per week. . .exclusive of board, lodging or other facilities, and the section 13(a)(17) exemption applies to any computer employee compensated on an hourly basis at a rate not less than $27.63 an hour. In addition, under either section 13(a)(1) or section 13(a)(17) of the Act, the exemptions apply only to computer employees whose primary duty consists of:

(1) The application of systems analysis techniques and procedures, including consulting with users, to determine hardware, software or system functional specifications;

(2) The design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications;

(3) The design, documentation, testing, creation or modification of computer programs related to machine operating systems; or

(4) A combination of the aforementioned duties, the performance of which requires the same level of skills.

As is apparent, 29 C.F.R. § 541.400 (2004) lists the required job duties and the minimum pay necessary for computer employees to be exempt. Moreover, computer employees who meet the duty requirements established in 29 C.F.R. § 541.400(b)(1)-(4), may be exempt under either 29 U.S.C. § 213(a)(1) or 29 U.S.C. § 213(a)(17) depending upon how the employee is paid. In other words, pursuant to 29 C.F.R. § 541.400(b) (2004), computer employees can be exempt under the professional exemption in 29 U.S.C. § 213(a)(1) if they meet the minimum salary requirements of $455.00 a week,  or under the computer employee exemption, 29 U.S.C. § 213(a)(17), if they meet the minimum hourly requirement of $27.63. Of additional import is that 29 C.F.R. § 541.400(b) (2004) eliminated the requirement found in 29 C.F.R. § 541.3(b) (2003) that the work require the "consistent exercise of discretion and judgment in its performance. . . ." As a result, the Court finds that if an employee fulfilled the job duty requirements under the pre-August 23, 2004 regulations, the employee will also fulfill those requirements under the post-August 23, 2004 regulations. The Court also finds that the post-August 23, 2004 regulations did not alter the previous regulatory requirement for what constitutes an employee being paid on a salary basis. See 29 C.F.R. § 541.118(a) (2003); 29 C.F.R. § 541.602(a) (2004).

14

**C.      Plaintiff's Primary Job Duties & Form of Payment**

In determining that Plaintiff was exempt from receiving overtime compensation, the Court

had to examine Plaintiff's primary job duties as well as his form of payment.

**I.      Plaintiff's Primary Job Duties**

While being deposed, Plaintiff was asked for his understanding about the position of a

computer programmer under the statute he had read and he responded that  "I don't recall the

specific wording, but obviously we referred to it as programers while we were there at Fidelity. .

.And my attorney did go over the definition as specified in the code and it definitely applied." (Dkt.

17, attached deposition at 14-15). Plaintiff was further asked if it was his position that he met the

definition of computer programmer under the statutes and codes that he reviewed, to which Plaintiff

answered "[y]es." Id. at 15. Despite this apparent admission, Defendant proceeded to construct an

argument that Plaintiff's primary job duties fulfill the pre-August 23, 2004 regulatory requirements.

As is explained below, the Court agrees with the Defendant.

Plaintiff's deposition outlines that from October 2001 through October 2004,  his primary

job duties involved continuing "the work from the previous day, which would be either continuing

on a design, continuing with programming, finding out other things that needed to be done on a

project to be done to bring it to its fruition. . . ." (Dkt. 17, attached deposition at 91). During this

time period, Plaintiff agreed that he was "designing programs" and that the work was not routine.

Id. In designing a program, Plaintiff would receive a business design from a business analyst. After

reviewing the design, Plaintiff would attempt to develop a program to reflect and fulfill that design.

Id. at 92. Plaintiff testified that in reviewing the business design, he would also assist the business

analyst with technical details, conduct "intensive research" to find out what technical steps were

necessary and then design and develop the program. Plaintiff also testified that he may be placed on a programming team whereby a project leader would assign specific aspects of the design to the team members. Id. at 97-98. In so doing, Plaintiff states that he generally was not supervised as he was there to develop his piece of the design which would subsequently be integrated with the other team members work. Id. at 97. As Plaintiff noted, "for the most part" he was not supervised as his design "would prove itself" when it was ultimately integrated. Id.

Moreover, during Plaintiff's deposition, he also reviewed a document he described as being known as "the core competencies" that Plaintiff believed were used by Defendant as a tool for evaluation and promotion.  Id. at 98-99. In referring to this document, Plaintiff states that "it's explaining in very long fashion what I was describing the job duties are: Planning out a project, designing and then coding and then testing and then just ongoing maintenance of a program." Id. at 100. See (Dkt. 16, Exhibit G ). Additionally, Plaintiff's job description is the following:

> The Application Programmer II is responsible for the following: researches and analyzes data processing practices and procedures and develops solutions and recommendations for improvement; completes complex programming assignments by defining specifications, writing new or modified code, and testing the code to verify the program; advises client personnel on software conversion and installation activities; prepares user, operations, and system manuals documentation; performs other duties as assigned.

(Dkt. 16, Exhibit H). In line with these descriptions, Plaintiff's deposition also highlights two major projects Plaintiff worked on from 2001 through 2004. One project involved PC LW, or personal computer letter writer (Dkt. 17, attached deposition at 105). This project took an online letter writer and converted it for use on personal computers. Id. Plaintiff states his "main strength was being able to tap into the mainframe environment and back in the other direction. That was something I brought unique to the project in addition to having been involved in a previous project." Id. Plaintiff described the other project as lasercheck, where his speciality "was just general JAVA, but

16

specifically sequel programming, that's structured queried language that's dealing with databases." Id. at 106. Plaintiff stated it involved "a total overhaul rewrite in the JAVA language." Id.

In reviewing Plaintiff's job duties, it is clear he fulfills the regulatory requirements. Specifically, 29 C.F.R. § 541.303(a) (2003) requires the employee to be "highly-skilled in computer systems analysis, programming, or related work in software functions." Plaintiff clearly fulfills this criteria. Moreover, 29 C.F.R. § 541.303(b)(2) (2003) requires an employee's primary duty involve the design, development or modification of computer systems or programs. Plaintiff also meets that standard.  See also 29 C.F.R. § 541.303(b)(3) (2003) (Plaintiff's work on the JAVA programming project meets the requirement of designing or modifying computer programs related to machine operating systems.).  Additionally, under 29 C.F.R. § 541.3(a) (2003), Plaintiff's primary duties did require work involving "theoretical and practical application of highly-specialized knowledge in computer systems analysis, programming, and software engineering. . . ." The Court notes that Plaintiff also meets the regulatory requirements under 29 C.F.R. § 541.3(4)(b)-(c) (2003) that an exempt computer employee's primary duty include work requiring "the consistent exercise of discretion and judgment in its performance. . . " and that the work not be routine. Lastly, and as was discussed above, because Plaintiff meets the primary duty requirements of an exempt computer employee under the pre-August 23, 2004 regulations, he also meets the current regulatory requirements. 29 C.F.R. § 541.400 (2004). The Court therefore finds that Plaintiff's job duties satisfy the necessary requisites for an exempt computer employee.

## II.    Plaintiff's Form of Payment

Defendant argues Plaintiff was paid on a salary basis and that he qualifies as an exempt computer employee. For the following reasons, the Court agrees with the Defendant.

The pre-August 23, 2004 regulations require that an employee be "compensated on a salary or fee basis at a rate of not less than $250 per week" or that the employee earn, under 29 U.S.C. § 213(a)(17), at least $27.63 per hour if paid on an hourly basis. 29 C.F.R. § 541.3(e) (2003). While the per hour rate remains $27.63, the current DOL regulations require an employee be compensated "on a salary or fee basis at a rate of not less than $455 per week." 29 C.F.R. § 541.400(b) (2004). As the Court already noted, both the pre and post-August 23, 2004 regulations require that for an employee to be considered paid on a salary basis, the employee must regularly receive "each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of his compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed" and "without regard to the number of days or hours worked." See 29 C.F.R. § 541.118(a) (2003); 29 C.F.R. § 541.602(a) (2004).

Plaintiff has argued that his personnel files contain evidence that he was not paid on a salary basis, but on an hourly one at a rate varying between $25.00 and $27.09 and never surpassing the mandatory minimum rate of $27.63 provided in 29 U.S.C. § 213(a)(17)(D). Based upon Plaintiff's deposition as well as other documentation on the record, the Court disagrees and finds that Plaintiff was a salaried employee (Dkt. 16, Exhibits 2, E). It is also apparent that from 2001 through 2004, Plaintiff received more than the current minimum of $455 per week. Indeed, during his deposition, Plaintiff could not dispute that he ever received less than $1000 per week for the period of 2001 through 2004 (Dkt. 17, attached deposition at 119-120). Plaintiff admitted that from 2001 through 2004, he received his salary in predetermined amounts in either twenty-four or twenty-six pay periods. Id. at 84-85. Plaintiff also acknowledged that his pay did not vary depending upon the quality of his work or the quantity of weekly hours worked. Id. at 85-87. Accordingly, the Court

18

finds Plaintiff's salary meets the requirements for an exempt employee.

**D.      Plaintiff's Challenge to 29 C.F.R. § 541.3(4)(e) (2003)**

Plaintiff is challenging the validity of DOL regulation 29 C.F.R. § 541.3(4)(e) (2003) arguing that it is not based on a permissible construction of the statute. See Chevron, USA, Inc. v. Natural Resources Defense Counsel, Inc., 467 U.S. 837 (1984). Under Chevron, Plaintiff asserts that when a court reviews an agency's construction of a statute which it administers, "it is confronted with two questions. First, always, is the question whether Congress has directly spoken to the precise question at issue. If the intent of Congress is clear, that is the end of the matter. . . ." Id. at 842. If, however, the "court determines Congress has not directly addressed the precise questions at issue. . .the question for the Court is whether the agency's answer is based on a permissible construction of the statute." Id. at 843.

Plaintiff notes the Defendant is contending that Plaintiff is paid a salary above the minimal requirement of $250 per week set forth in 29 C.F.R. § 541.3(4)(e) (2003). Plaintiff, however, argues "it simply defies reason" that Congress would establish a minimum hourly rate of $27.63 an hour pursuant to 29 U.S.C. § 213(a)(17), while simultaneously authorizing $250.00 per week, or approximately $6.25 per hour, for the same computer employee paid on a salary basis under 29 U.S.C. § 213(a)(1). Plaintiff contends such a construction of the statute is not permissible and appears contrary to congressional intent.

The Court disagrees. The Court initially notes that the new DOL regulation 29 C.F.R. § 541.400(b), effective August 23, 2004, provides that the salary be at a rate of not less than $455 per week. The regulation Plaintiff is challenging is therefore no longer valid. The Court understands that the older regulation, 29 C.F.R. § 541.3(4)(e) (2003) does apply to greatest portion of Plaintiff's

employment from October 2001 through October 2004. Nevertheless, the Court does not find any evidence in the record to demonstrate that Plaintiff made $250 per week, or $6.25 an hour. Rather, the record reflects that from October 2001 through October 2004, Plaintiff never made less than $1000 per week (Dkt. 17, attached deposition at 119-20). Notably, the offer of employment letter received by Plaintiff in 1995 states that Plaintiff would be paid an annual salary of $29,000. As Defendant notes, even in 1995 Plaintiff was making approximately $557.69 per week. Based upon the foregoing, the Court finds Plaintiff's challenge to be without merit.

**VI.    Rule 11 Sanctions**

On September 12, 2005, Defendant filed a Motion for Rule 11 Sanctions (Dkt. 16). Defendant argues that based upon Plaintiff's testimony at his deposition it is apparent that both Plaintiff and his counsel have known that Plaintiff's overtime claim is "frivolous, not warranted by existing law, lacks evidentiary support and is contrary to [Plaintiff's] own deposition testimony." Id. at 3-4. Initially, Defendant asserts that if at the time of filing the complaint, an attorney has failed to make the necessary reasonable inquiry, sanctions are applicable despite any good faith belief the counsel may have had as to the validity of the claims. See Jones v. Int'l Riding Helmets, Ltd., 49 F.3d 692, 695 (11th Cir. 1995)(noting that "[i]f the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound."). Defendant further contends because Plaintiff has been on notice that the claim is without merit and has failed to voluntarily dismiss it, Rule 11 sanctions are appropriate. Conversely, Plaintiff contends he has established a prima facie case under the FLSA and that Rule 11 sanctions are inapplicable.

Rule 11, in pertinent part, provides that:

(b) **Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney. . .is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, --

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery. . . .

Moreover, Rule 11(c)(1)(A) requires that the party filing a Rule 11 motion for sanctions serve the other party with the motion more than twenty-one days before filing the motion with the court. The Court finds that Defendant did in fact comply with this requirement. Nevertheless, the Court does not find Rule 11 sanctions to be appropriate.

Defendant's focus for establishing Rule 11 sanctions is that Plaintiff's counsel failed to make a reasonable inquiry as to the validity of the claims prior to filing the complaint (Dkt. 16 at 4-6). Defendant also seeks sanctions due to the alleged failure of Plaintiff to voluntarily dismiss the claim upon learning it lacked merit. After reviewing the issues involved in this case, the Court does not find any evidence that Plaintiff's counsel failed to make a reasonable inquiry or that Plaintiff should have voluntarily dismissed the claim. Plaintiff's counsel articulated several arguments that the Court does not deem to be frivolous. As a result, the Court finds the imposition of Rule 11 sanctions to be unnecessary and improper.

Accordingly, upon due consideration, it is hereby **ORDERED AND ADJUDGED**:

1. Defendant's Motion for Rule 11 Sanctions (Dkt. 16) is **DENIED**.

2. Defendant's Motion for Summary Judgment (Dkt. 18) is **GRANTED**.

21

3.      Plaintiff's Motion for Summary Judgment (Dkt. 19) is **DENIED**.

4.      Plaintiff's Request for Oral Argument (Dkt. 23), Defendant's Request for Oral Argument or in the Alternative for Leave to File a Reply to or Strike Plaintiff's Response to Defendant's Motion for Summary Judgment (Dkt. 24) are **DENIED as moot**.

5.      The Clerk of the Court is directed to enter final judgment for the Defendant and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this   10th   day of November 2005.

JOHN H. MOORE II
United States District Judge

copies:
Counsel of record

22